AROCLES AGUILAR, SBN 94753
CHRISTINE J. HAMMOND, SBN 206768
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA 94102
Telephone: (415) 703-2682
Facsimile: (415) 703-4592
cjh@cpuc.ca.gov

Attorneys for Defendants Clifford Rechtschaffen,
Martha Guzman Aceves, Carla Peterman, Michael Picker,
and Liane Randolph, in their official capacities as Commissioners
of the California Public Utilities Commission

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WINDING CREEK SOLAR LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL FLORIO, CATHERINE SANDOVAL, CARLA PETERMAN, MICHAEL PICKER, and LIANE RANDOLPH, in their official capacity as Commissioners of the California Public Utilities Commission,<br><br>    Defendants. | Case No. 3:13-cv-04934 JD<br><br>**DECLARATION OF CHRISTINE J. HAMMOND IN SUPPORT OF URGENT MOTION OF CPUC DEFENDANTS FOR STAY OF THE COURT'S ORDER AND JUDGMENT PENDING APPEAL AND REQUEST OF CPUC DEFENDANTS FOR JUDICIAL NOTICE**<br><br>**Date Action Necessary: February 8, 2018**<br><br>Hearing Date: February 8, 2018 or earlier date as the Court will allow and calendar<br><br>Time:  10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:  Hon. James Donato |

I, Christine J. Hammond, declare as follows:

1. I am an attorney licensed to practice law in all courts in the State of California. I am an Assistant General Counsel at the California Public Utilities Commission, and one of the counsel of record for Defendants Commissioners of the California Public Utilities Commission (named as defendants in their official capacities) (collectively CPUC). I am providing this declaration in support of (1) the Urgent Motion of CPUC Defendants for Stay of the Court's Order (ECF 161) and Judgment (ECF 162) Pending Appeal and (2) the Request of CPUC Defendants for Judicial Notice, both of which are filed concurrently herewith.

2. I have personal knowledge of the facts set forth herein or know of them by my review of the files maintained by the CPUC in this matter, and, if asked to do so, could and would testify competently thereto under oath.

3. On Wednesday, December 20, 2017, I initiated communication via email with Plaintiff Winding Creek Solar LLC's (Winding Creek) counsel of record, Thomas Melone and Matthew Price, to discuss the CPUC's intention of filing a Motion for Stay of the Court's Order and Judgment Pending Appeal, and to seek Winding Creek's support for the CPUC's Motion for Stay.

4. On Thursday, December 21, 2017, by prearrangement, Winding Creek's counsel Mr. Melone and I conferred by telephone as to the CPUC's intention of filing an appeal of the Court's Order and Judgment and Motion for Stay. I informed Mr. Melone that the CPUC would move for a stay of the Court's Order and Judgment and also move, in support of such Motion for Stay of the Order and Judgment, to reopen the record for the Court to receive (1) Winding Creek's *Request for Rehearing* (filed June 8, 2015) of the Federal Energy Regulatory Commission's (FERC) May 8, 2015 *Notice of Intent Not to Act and Declaratory Order*, 151 FERC ¶ 61,103, 2015 WL 2151303 (2015), attached as Exhibit 1 hereto; and (2) updated data on Pacific Gas and Electric Company's (PG&E's) and Southern California Edison Company's (SCE's) procurement of renewable energy under their

Renewable Market Adjusting Tariff (Re-MAT) programs and the prices accepted by Re-MAT generators thereunder, attached as Exhibits 2 and 3 to the Declaration of Cheryl Lee In Support of CPUC's Urgent Motion for Stay of Order and Judgment Pending Appeal, filed concurrently herewith.

5. I explained to Mr. Melone the CPUC's reason for its effort to put Exhibits 1, 2, and 3 before the Court was for the limited purposes of supporting the CPUC's Motion for Stay Pending Appeal. FERC ruled on Winding Creek's *Request for Rehearing* in its *Order Denying Request for Reconsideration*, 153 FERC ¶ 61,027, 2015 WL 6083932 (2015), the latter of which the CPUC put forward in its defense in this case. *See, e.g.,* Post-Trial Br. of CPUC Defendants, at 3, 7; and Post-Trial Responsive Br. of CPUC Defendants, at 1, 3, 4. The Court did not, however, have in the record before it Winding Creek's *Request for Rehearing* and thus did not have before it the scope of FERC's determinations in its *Order Denying Request for Reconsideration*, when the Court issued its Order and Judgment. The CPUC's argument on the scope of FERC's *Order Denying Request for Reconsideration* – that it includes Winding Creek's *Request for Rehearing* and claim of non-compliance with 18 C.F.R. § 292.304(d)(2)(ii) – are presented in the CPUC's Urgent Motion for Stay of the Court's Order and Judgment Pending Appeal.

6. I downloaded Winding Creek's *Request for Rehearing* from the FERC Online eLibrary at https://www.ferc.gov/docs-filing/elibrary.asp on December 21, 2017 by accessing documents from FERC Docket EL15-52-000, which is the docket in which Winding Creek's Request for Rehearing was filed. A true and correct copy of Winding Creek's *Request for Rehearing*, as I downloaded it from FERC's Online eLibrary is attached hereto as Exhibit 1. I submit this document in support of the CPUC's Urgent Motion for Stay of the Court's Order and Judgment Pending Appeal and the CPUC's Request for Judicial Notice In Support of the CPUC's Urgent Motion for Stay Pending Appeal.

7. Updated data on PG&E's and SCE's procurement of renewable energy under the Re-MAT program are attached as Exhibits 2 and 3 to the Declaration of Cheryl Lee In Support of the CPUC Defendants' Motion for Stay of Order and Judgement, filed concurrently herewith.

8. On our Thursday, December 21, 2017 phone call, I asked Mr. Melone for Winding Creek's support or non-opposition to the CPUC's Motion for Stay and Motion to Reopen the Record, because the Court's Order and Judgment directly impact – by completely halting – California's three large electric utilities' abilities to execute additional renewable energy contracts from small, stand-alone renewable Qualifying Facilities under PURPA. Mr. Melone declined the CPUC's requests in this regard.

9. Also on our Thursday, December 21, 2017 phone call, I asked Mr. Melone if he would support the CPUC's request for expedited review of the CPUC's Motion for Stay, for the same reasons. Mr. Melone declined the CPUC's request in this regard.

10. On Friday, December 22, 2017, Mr. Melone initiated communication with me via email as to potential agreement to an expedited appeal schedule. On Friday, December 29, 2017, I asked for a phone conversation with Mr. Melone regarding both his December 22 email and additional matters pertaining to the CPUC's forthcoming Motion for a Stay of the Court's Order and Judgment, and Mr. Melone and I had a phone conversation that same day, December 29. I informed Mr. Melone the CPUC would be seeking an Urgent Motion for a Stay Pending Appeal, because of the irreparable harm to prospective Re-MAT participants caused by the Court's Order and Judgment; and that the CPUC would file a Request for Judicial Notice in lieu of a Motion to Reopen, for the limited purpose of considering the CPUC's Urgent Motion for Stay Pending Appeal. I asked for Winding Creek's support for or nonopposition to the CPUC's Urgent Motion for a Stay Pending Appeal and the CPUC's Request for Judicial Notice, and Mr. Melone declined the CPUC's requests in these respects. After informing Mr. Melone that the CPUC would be asking the Court for a hearing on the

1  CPUC's Urgent Motion for Stay sooner than the 35 days required by Local Civ. R. 7-2(a), I
2  asked Mr. Melone for dates in January in which it would not be possible for him to participate
3  in the hearing. Mr. Melone informed me that no date in January is impossible for him to
4  participate in the hearing on the CPUC's Urgent Motion for Stay Pending Appeal, provided
5  that the Court will allow him to participate in such hearing telephonically.

   11. Also on our December 29 phone call, I informed Mr. Melone that the CPUC would agree to an expedited appeal, given the urgency of the need to stay the Court's Order and Appeal, and Mr. Melone and I agreed upon a proposed expedited appeal schedule.

   12. On January 2, 2018, Mr. Melone continued our meet and confer on the CPUC's Urgent Motion for Stay and Request for Judicial Notice via email, and we resumed our meet and confer by telephone on January 3, 2018. We discussed the procedural and substantive options and merits of the CPUC's Urgent Motion for Stay Pending Appeal and Request for Judicial Notice and did not reach agreement. Mr. Melone reaffirmed that Winding Creek opposes the CPUC's Urgent Motion for Stay and Request for Judicial Notice, and opposes the CPUC's request for the Court to calendar the hearing date on the CPUC's Urgent Request for Stay earlier than February 8, 2018. Mr. Melone further reaffirmed, however, that he could participate in a hearing on the CPUC's Urgent Motion for Stay on any day prior to February 8, 2018 if the Court permits him to participate telephonically.

///
///
///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 3d day of January 2018, in San Francisco, California.

_____
Christine J. Hammond

HAMMOND DECL. ISO CPUC URGENT MOTION FOR STAY PENDING APPEAL AND RJN
Case No. 3:13-cv-04934 JD
Page 5