AROCLES AGUILAR, SBN 94753
CHRISTINE J. HAMMOND, SBN 206768
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA 94102
Telephone: (415) 703-2682
Facsimile: (415) 703-4592
cjh@cpuc.ca.gov

Attorneys for Defendants Clifford Rechtschaffen,
Martha Guzman Aceves, Carla Peterman, Michael Picker,
and Liane Randolph, in their official capacities as Commissioners
of the California Public Utilities Commission

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| WINDING CREEK SOLAR LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL FLORIO, CATHERINE SANDOVAL, CARLA PETERMAN, MICHAEL PICKER, and LIANE RANDOLPH, in their official capacity as Commissioners of the California Public Utilities Commission,<br><br>             Defendants. | Case No. 3:13-cv-04934 JD<br><br>**DECLARATION OF CHERYL LEE IN SUPPORT OF URGENT MOTION OF CPUC DEFENDANTS FOR STAY OF THE COURT'S ORDER AND JUDGMENT PENDING APPEAL AND REQUEST OF CPUC DEFENDANTS FOR JUDICIAL NOTICE**<br><br>Date Action Necessary: February 8, 2018<br><br>Hearing Date: February 8, 2018 or earlier date as the Court will allow and calendar<br><br>Time:        10:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:       Hon. James Donato |

1   I, Cheryl Lee, declare that:

2   1.   I know the following facts of my own knowledge, and if called as a witness, would testify competently thereto. As to matters alleged on information and belief, I am informed and believe them to be true.

    2.   This declaration is submitted in support of the Defendants Commissioners of the California Public Utilities Commission, in their official capacities (collectively CPUC), Urgent Motion for a Stay of the Court's Order and Judgment Pending Appeal (Motion for Stay Pending Appeal) by setting forth certain facts and laying the foundation for certain exhibits upon which the CPUC intends to request judicial notice and on which the CPUC intends to rely for its Urgent Motion for Stay Pending Appeal.

    3.   I work for the CPUC in its San Francisco offices located at 505 Van Ness Avenue, San Francisco, CA 94102. At various times since 2009 I have been the lead analyst on annual RPS procurement plans, RPS policy implementation, and RPS distributed generation programs. I am currently a Program and Project Supervisor of the CPUC Energy Division's Renewable Procurement and Market Development section, also known as the Renewables Portfolio Standard (RPS) Section. The RPS Section is responsible for implementing and overseeing California's RPS procurement plans, RPS policy implementation, and RPS distributed generation programs. The RPS distributed generation programs include the Renewable Auction Mechanism (RAM), the Renewable Market Adjusting Tariff (Re-MAT), the Bioenergy Market Adjusting Tariff (BioMAT), and utility-specific solar photovoltaic (PV) programs.[1]

    4.   I previously submitted in this case the Declaration of Cheryl Lee for Defendants Commissioners of the California Public Utilities Commission In Support of

---

[1] The California Solar Initiative (CSI) and Net Energy Metering/Net Surplus Compensation (NEM) programs are renewable programs, but are not part of the California RPS programs that I manage.

LEE DECL. ISO CPUC URGENT MOT. FOR STAY OF ORDER AND J. PENDING APPEAL AND RJN
Case No. 13-04934 JD

Defendants' Statement as to Why Good Cause Exists to Reopen Summary Judgment Proceedings (ECF 130), attached to which was the Defendants' Unretained Expert Report – Cheryl Lee; these documents are Trial Exhibits 112 and 113, respectively.

5. I testified in the Court's April 4, 2017 bench trial on the CPUC's Re-MAT and RPS programs.

6. The Re-MAT programs of CPUC-jurisdictional utilities Pacific Gas and Electric Company (PG&E) and Southern California Edison Company (SCE) commenced in 2013, as I have previously testified, and continued operation until the Court's Order and Judgment, issued on December 6 and 7, 2017, respectively. San Diego Gas & Electric Company (SDG&E) also commenced its Re-MAT program in 2013 but ended it in July 2016, when, pursuant to CPUC Decision 13-05-034, they were permitted to do so when it reached an identified Re-MAT procurement target. *See* CPUC Decision 13-05-034, 2013 WL 2446732 (2013), attached as Exhibit C of CPUC Request for Judicial Notice (ECF 27-1, pp. 397-98, 470 of 499).

7. On December 11, 2017, the CPUC's Legal Division instructed the utilities PG&E, SCE, and SDG&E to suspend their Re-MAT programs, effective immediately, in light of the Court's December 6, 2017 Order. On December 15, 2017, the CPUC's Executive Director formalized the December 11 instruction and ordered the utilities to suspend their Re-MAT programs, effective immediately.

8. Had the CPUC not suspended PG&E's Re-MAT procurement, and had PG&E continued to implement its Re-MAT procurement, PG&E would not have been able to reach its Re-MAT procurement target before July 2019 at the earliest.

9. **Update on SCE's Re-MAT Program.** Since early April, when the Court held a bench trial, to the present day, five new Re-MAT offers were accepted in SCE's Re-MAT program: of these, four were for peaking as-available energy (*i.e.*, solar photovoltaic technology) in SCE's Re-MAT program, accepting at prices between $37.23/MWh and $49.23/MWh. A copy of SCE's most recent publicly-available list of contracts awarded in the

1  Re-MAT program is attached as Exhibit 2 hereto; SCE indicates it was updated on November 1, 2017.[2]

2. 10. Of the five acceptances in SCE's Re-MAT program periods between April and September 2017, only two have executed contracts while the remaining three were finalizing execution documents when the Court's Order was issued on December 6, 2017. The three acceptances awaiting contracts are: Tweety Capital – 5419 Lancaster Energy LLC, at the offered price of $37.23/MWh for an as-available peaking product; Hazel Solar Energy – Bolthouse Solar I, at the offered price of $41.23/MWh for an as-available peaking product; and Calleguas Grandsen Hydro project, at the offered price of $89.23/MWh for an as-available non-peaking product. *See* Exhibit 2.

11. I am informed by SCE that Tweety Capital – 5419 Lancaster Energy LLC and Hazel Solar Energy – Bolthouse Solar I have been prepared to execute legally binding Re-MAT contracts, but for the CPUC's December 7, 2017 instruction to the utilities to suspend the Re-MAT program as a result of the Court's Order and Judgment.

12. I have been informed by Calleguas Municipal Water District (Calleguas) that it is constructing a 434 kilowatt (kW) in-line conduit hydrogenerator that will be ready for operation by June 2018; that Calleguas had accepted a Re-MAT offer from SCE in September 2017; that it had not yet executed a Re-MAT contract with SCE; and that its efforts to secure a Re-MAT contract with SCE are now frustrated as a result of the CPUC's suspension of the Re-MAT program as a result of the Court's Order and Judgment.

13. On December 12, 2017, my direct report staff requested updated information on the results of SCE's 25th Re-MAT program period, which occurred in November 2017. After I

---

[2] I downloaded this document on December 21, 2017, from SCE's Re-MAT public platform at https://sceremat.accionpower.com/ReMAT/documents.asp?Col=DateDown, and this document is entitled, "ReMAT 10 Day Reporting Requirement Table 11-1-17.pdf."

LEE DECL. ISO CPUC URGENT MOT. FOR STAY OF ORDER AND J. PENDING APPEAL AND RJN
Case No. 13-04934 JD

made several follow-up inquiries for that updated information, SCE on December 29, 2017, informed me that there were no offers accepted in its 25th Re-MAT program.

14. I have been informed by EWT Wind that it had procured wind turbines under the Internal Revenue Service safe harbor rules for their 3 MW Mogul Project in the Tehachapi area of California, and has been depending on a 2018 schedule for construction to secure 2017 IRS production tax credits. EWT Wind expected to participate in SCE's 26th Re-MAT program period in January 2018. EWT Wind's efforts to secure a Re-MAT contract are also frustrated as a result of the CPUC's suspension of the Re-MAT program as a result of the Court's Order and Judgment.

15. **Update on PG&E's Re-MAT Program.** Since early April, when the Court held a bench trial, to the present day, three new Re-MAT offers were accepted in PG&E's Re-MAT program and contracts executed. A copy of PG&E's most recent publicly-available list of contracts awarded in the Re-MAT program is attached as Exhibit 3 hereto; PG&E indicates it was updated on November 14, 2017.[3] Of these, one contract was for peaking as-available energy (i.e., solar photovoltaic technology) in PG&E's Re-MAT program accepting at a price of $61.23/MWh.

16. On December 12, 2017, my direct report staff requested updated information on the results of PG&E's 25th Re-MAT program period, which occurred in November 2017. After she and I made at least one follow-up inquiry for that updated information, PG&E on December 19, 2017, informed us that there were no offers accepted in its 25th Re-MAT program.

17. In 2016, California enacted Pub. Util. Code § 399.20.5, 2016 Cal. Stat. ch. 665, sec. 1 (AB 1979), modifying the eligibility requirements of the Re-MAT program and thus

---

[3] I downloaded this document on December 21, 2017, from PG&E's Re-MAT public platform at https://pge.accionpower.com/ReMAT/documents.asp?HideFiles=True, and this document is entitled, "ReMAT10DayReportingRequirementPP25.xls."

expanding the pool of eligible participants in the Re-MAT program. Specifically, instead of a facility size cap at 3 MW for all participants, AB 1979 allows conduit hydroelectric facilities sized up to 4 MWs to participate if the facility does not deliver more than 3 MW and was in operation as of January 1, 1990. Commission Decision 17-08-021, 2017 WL 3953989 (2017), implemented this modification to the Re-MAT program.[4]

18.   I have been informed by Utica Water and Power Authority (Utica), a small water agency that owns a conduit hydroelectric generating facility that appears to qualify for participation in the expanded Re-MAT program pursuant to CPUC Decision 17-08-021. Utica informs me that it would like to execute a Re-MAT contract with PG&E with all due speed and had been hoping to accept the next offer price in PG&E's planned 26th program period in January 2018, but for the Court's Order and Judgment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 3rd day of January 2018.

*(signature)*

Cheryl Lee

Program and Project Supervisor
California Public Utilities Commission

---

[4] CPUC Decision 17-08-021 is the subject of an application for rehearing, alleging legal error, pending before the CPUC. But for the CPUC's December 11 and 15, 2017 instruction to the utilities to suspend the Re-MAT program, the CPUC Decision 17-08-021 is an effective order of the CPUC and the utilities would be required to comply with it.

LEE DECL. ISO CPUC URGENT MOT. FOR STAY OF ORDER AND J. PENDING APPEAL AND RJN
Case No. 13-04934 JD