MICHAEL J. MINKLER, SBN 266504
Utica Water and Power Authority
1168 Booster Way
Angels Camp, CA 95222
Telephone: (209) 736-9419
Facsimile: (209) 736-0110
mjminkler@uticapower.net

Attorney for *Amicus Curiae* and Non-Party Declarant
Utica Water and Power Authority

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| WINDING CREEK SOLAR LLC,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL FLORIO, CATHERINE SANDOVAL, CARLA PETERMAN, MICHAEL PICKER, and LIANE RANDOLPH, in their official capacity as Commissioners of the California Public Utilities Commission,<br><br>Defendants. | Case No. 3:13-cv-04934 JD<br><br>**[PROPOSED] STATEMENT BY UTICA WATER AND POWER AUTHORITY REGARDING CPUC'S URGENT MOTION TO STAY THE COURT'S ORDER AND JUDGMENT PENDING APPEAL** |

## I. INTRODUCTION

On February 8, 2018, the Court heard arguments on the CPUC Defendants' motion to stay the Court's Order suspending the ReMAT program ("ReMAT Injunction"). The Court indicated it was inclined to deny the stay, but stated that it would consider a carve-out for those Declarants who had made specific representations of harm they would suffer if a stay were not issued. (Minute Order, Dkt. No. 182.) At the hearing, the Parties also indicated their willingness to pursue an agreement to facilitate the proposed carve-out. Counsel for the CPUC stated that the Declarants did not represent the entire universe of projects affected by the ReMAT injunction, but the Court noted in response that it would consider lifting the stay only in cases of immediate and specific harm demonstrated by those entities who were compelled by that harm to submit declarations in support of the CPUC's motion for a stay. The Court's minute order set a deadline of February 15, 2018, for the Parties to submit a joint statement regarding the proposed carve-out. (Id.)

The CPUC was willing to agree to a carve-out to address the immediate harm to the Declarants. Winding Creek Solar LLC ("Winding Creek") unfortunately reversed its position and refused to agree to allow any projects to move forward. (Declaration of Michael J. Minkler in Support of [Proposed] Statement By Utica Water and Power Authority ("Minkler Decl."), ¶¶ 15.) The Utica Water and Power Authority ("Utica") was informed that the Parties intended to file a joint statement informing the Court of their failure to reach an agreement. As one of the Declarants who is suffering severe and immediate harm, Utica submits this separate statement to request that the Court revise the ReMAT injunction to allow the Declarants to move forward with their ReMAT contracts.

## II. The Court Should Revise the ReMAT Injunction to Allow the Declarants to Secure ReMAT Contracts Despite Winding Creek's Refusal to Cooperate.

It was Winding Creek that initially proposed a carve-out in the Plaintiff's Opposition to Defendant's Motion for a Stay and Request for Judicial Notice. (Dkt. No. 1721:3-6, 3:28-4:7.) Winding Creek stated that it "has no objection to the Court allowing the CPUC to

award contracts to the six generators referenced in the CPUC's motion, who may have been caught flat-footed by the timing of the Court's Order." (Dkt. No. 172, 1:3-6.) Winding Creek then went on to state that it had no interest in "disrupting the reliance interests" of the Declarants[1] and that they would have "no objection to a modification of the Court's order that would allow these six developers to enter into contracts." (Dkt. No. 172, 1:3-6, 3:28-4:7.) Winding Creek went on to propose a specific solution to modify the injunction so that it becomes effective on February 15, 2018, to provide "these six entities sufficient time to complete their contracts." (Dkt. No. 172, 4:5.) Inexplicably, Winding Creek now refuses to stipulate to allow the Declarants to enter into ReMAT contracts. (Minkler Decl., ¶¶ 9-16.)

Utica sent Tom Melone a Proposed Joint Statement that would have effectuated the tentative agreement to establish a carve-out of the ReMAT injunction reached at the February 8 hearing.[2] (Minkler Decl., ¶ 14, Ex. 2.) The Proposed Joint Statement would have allowed the Declarants to move forward with ReMAT contracts as long as they were either already in the ReMAT queue or able to submit Program Period Requests ("PPR") by March 1, 2018.[3] This would have allowed those projects that were in the ReMAT queue or on the verge of entering the ReMAT queue at the time the injunction was issued to proceed and would have addressed only the most immediate harm alleged by the Declarants. The carve-out would have been limited to one project for each Declarant, and even then, only if

---

[1] At the time Winding Creek filed its Opposition Brief, four entities had submitted declarations and two more were referenced in the Declaration of Cheryl Lee. (Dkt. No. 168, ¶ 10,11.) The CPUC also submitted the Declaration of the Nevada Irrigation District with its Reply Brief. At the hearing, Winding Creek affirmed that it had no objection to a carve-out to allow the Declarants to secure ReMAT contracts. Accordingly, there are seven Declarants that were to be included in the carve-out agreement.

[2] Mr. Melone is counsel of record for Winding Creek and CEO of Allco Renewable Energy Limited, which owns Winding Creek.

[3] As indicated in the Declarants' Declarations, three of the Declarants have already submitted PPRs and are waiting to execute ReMAT contracts, while the other four Declarants were on the verge of submitting PPRs when the Court ordered the ReMAT injunction.

[PROPOSED] STATEMENT BY UTICA WATER AND POWER AUTHORITY REGARDING CPUC'S URGENT MOTION TO STAY THE COURT'S ORDER AND JUDGMENT PENDING APPEAL

they were able to submit a PPR by March 1. The Declarants would only have the option to accept the ReMAT price that would have been offered during the January program period. The Proposed Joint Statement would not have allowed future projects from any of the Declarants or any new applications by entities who were not compelled by their own initiative to submit Declarations prior to the February 8 hearing. The Proposed Joint Statement was narrowly tailored to eliminate any uncertainty the Court or the Parties might have about the scope of the carve-out. Winding Creek rejected the Proposed Joint Statement. (Minkler Decl., ¶ 16.)

Winding Creek will suffer no harm from a narrow carve-out, such as the one in the Proposed Joint Statement. (Minkler Decl., ¶¶ 9-16.) It acknowledges this in their previous statements to the Court, which were made after it had been informed of the nature of Declarants' projects. Winding Creek now makes vague claims of harm by reiterating its claims of harm related to the ReMAT program, which are the subject of the underlying litigation, but those issues are irrelevant to whether Winding Creek would be harmed by a carve-out for the Declarants. (Minkler Decl., ¶¶ 9-15.)

It appears that the only actual harm Winding Creek can conceive of is a relinquishing of an imagined tactical advantage in this litigation. (Minkler Decl., ¶ 13.) The proposed carve-out would have no bearing on this litigation, but even if it did, that potential harm pales in comparison to the immediate and irreparable harm articulated by the Declarants.

In Utica's case, without a ReMAT contract at the Murphys Powerhouse and with the return of severe drought conditions this year, it will face a budget deficit of up to 70 percent in the coming Fiscal Year. (Minkler Decl., ¶ 7.) With the Murphys Powerhouse in a ReMAT contract, Utica would still face a potential 50 percent budget deficit in the driest years, but would at least be able to return to financial stability in most water years. Without a ReMAT contract, even in the wettest years, Utica would not be able to meet its budget. (Minkler Decl., ¶ 7.) If the carve-out is granted, Utica will already have missed out on

$150,000 of revenue this year, but that number will grow every month until the Murphys Powerhouse is in a ReMAT contract. (Minkler Decl., ¶ 7.) It is not an exaggeration to say that ReMAT is a lifeline for Utica and the ratepayers will be the ones to make up any budget shortfall. In the rural and disadvantaged communities Utica serves, rate increases are a significant hardship for many.[4]

### III. Response to Proposed *Amici* "ReMAT Developers"

The "ReMAT Developers" submitted a misinformed *Amici Brief* that appears to have no aim other than to ensure that the Declarants are not given the same opportunity that the ReMAT Developers have already been given. As noted in their proposed brief, the ReMAT Developers' projects are already in the ReMAT queue and have presumably been waiting in the queue because they, like Winding Creek, have rejected the price for the "as-available peaking" product that they are trying to sell. Their alleged injury is the same as Winding Creek's and goes to the merits of this case, not the immediate harm suffered by the Declarants that the Court sought to address. Even if the ReMAT Developers had taken the initiative to submit declarations at an earlier date, the carve-out the Court agreed to consider would not redress their alleged injury because it would not change the offer price. In fact, even a full stay of the ReMAT Injunction would not address their alleged injury.

There would be no "injustice" in allowing the carve-out because all the carve-out would do is put the Declarants in the same position as the ReMAT Developers. The only difference would be that Utica intends to accept the ReMAT price offered and proceed with a ReMAT contract – a privilege that the ReMAT Developers already had and declined to exercise. (Minkler Decl., ¶ 8.)

///

---

[4] For additional specific detail regarding the harm to the Declarants and to the renewable industry in California, see Declaration of Jarod Bishop in Support of [Proposed] Statement By Utica Water and Power Authority.

[PROPOSED] STATEMENT BY UTICA WATER AND POWER AUTHORITY REGARDING CPUC'S URGENT MOTION TO STAY THE COURT'S ORDER AND JUDGMENT PENDING APPEAL

## IV. CONCLUSION

Despite Winding Creek's refusal to agree to a carve-out, Utica respectfully asks the Court to issue an order revising the ReMAT Injunction consistent with the Proposed Joint Statement.

Dated: February 15, 2018
Respectfully Submitted,

/s/ *Michael Minkler*
MICHAEL J. MINKLER
Utica Water and Power Authority

[PROPOSED] STATEMENT BY UTICA WATER AND POWER AUTHORITY REGARDING CPUC'S URGENT MOTION TO STAY THE COURT'S ORDER AND JUDGMENT PENDING APPEAL