UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINDING CREEK SOLAR LLC,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PEEVEY, et al.,<br><br>Defendants. | Case No. 13-cv-04934-JD<br><br>**ORDER RE REQUEST FOR STAY**<br><br>Re: Dkt. No. 165 |

Defendants Commissioners of the California Public Utilities Commission ("CPUC") have asked that the Court stay the order and judgment entered in favor of plaintiff Winding Creek Solar LLC, pending the CPUC's appeal to the United States Court of Appeals for the Ninth Circuit. Dkt. No. 165. The request is denied.

**BACKGROUND**

After holding a one-day bench trial with a number of live witnesses, the Court issued findings of fact and conclusions of law, and granted summary judgment for Winding Creek. Dkt. No. 161. The question at issue in the trial and summary judgment motion was whether the CPUC's contracting practices for the procurement of renewable energy under a program called "Re-MAT" (short for "Renewable Market-Adjusting Tariff") conflicted with federal law and consequently were pre-empted under the Supremacy Clause of the United States Constitution. Based on the evidence admitted at trial, the Court concluded that the Re-MAT program was not compliant with the Public Utility Regulatory Policies Act ("PURPA"), even with the concurrent availability of the CPUC's Standard Contract for Qualifying Facilities of 20MW or less ("Standard Contract"). *Id*. The key trial evidence and the Court's reasoning are set out in detail in the prior order and will not be repeated here. That order, and the consequent judgment, are what the CPUC seeks to stay pending appeal.

**DISCUSSION**

Defendants acknowledge that the Court's analysis of their request for a stay is controlled by *Nken v. Holder*, 556 U.S. 418 (2009), and *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011). Dkt. No. 165 at 4. In *Nken*, the Supreme Court held that four factors determine the propriety of a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. at 434 (quotations omitted). In *Leiva-Perez*, our circuit found that *Nken* "raised the minimum permissible showing of irreparable harm necessary to justify a stay," and underscored "the bedrock requirement that stays must be denied to all petitioners who did not meet the applicable irreparable harm threshold, regardless of their showing on the other stay factors." 640 F.3d at 965. *Leiva-Perez* also made clear that "even certainty of irreparable harm has never *entitled* one to a stay," and so "a proper showing regarding irreparable harm was, and remains, a necessary but not sufficient condition for the exercise of judicial discretion to issue a stay." *Id*. (emphasis in original).

The CPUC's main effort to show irreparable harm suffers from a critical flaw: the Standard Contract is a perfectly sound alternative to Re-MAT for the procurement of renewable energy. The CPUC's stay request fails to recognize this dispositive fact. It says that the order "nullifie[d] the only two standard offer PURPA programs available to small stand-alone renewable generators: the Re-MAT program and the QF Settlement Standard Contract for QFs 20MW or Less," and that "there is presently no immediate and efficient means of securing new small renewable generators under contract [*sic*] in California, absent a stay of the Court's Order and Judgment." Dkt. No. 165 at 14-15. But those statements are not true. As the Court made abundantly clear at the stay hearing, it did not strike down or enjoin in any way the Standard Contract, and that contract remains a readily available means of enlisting new renewable energy suppliers. Dkt. No. 196 (motion hearing transcript) at 5:10-24 & 11:12-14; Dkt. No. 161 at 20 (order granting "only the declaratory and injunctive relief requested by plaintiff" in its complaint, Dkt. No. 61 at 24, Prayer for Relief, subsections (a)-(d), and "go[ing] no further"). The Standard

2

Contract exists in full force as an avenue for qualifying small generators to sell energy. This defeats any possibility that the CPUC has satisfied the necessary element of irreparable harm. *Cf. Nken*, 556 U.S. at 434-35 (for aliens' requests to stay removal orders, burden of removal cannot alone "constitute the requisite irreparable injury," as it is "not categorically irreparable").

In addition to ignoring or misunderstanding the facts in the record, the CPUC's injury arguments highlight that this is a bed largely of its own making. The CPUC has made clear that it is not seriously trying to revise or amend Re-MAT to make it compliant with PURPA. *See* Dkt. No. 196 at 11:5-8 (Q: "Is the CPUC doing anything all to bring Re-MAT into compliance, as stated in my order? Is the answer yes or no?" A: "Not the Commission, formally. No."). It ill suits the CPUC to cry "irreparable" harm over an illegal Re-MAT contract that it refuses to address in a substantive way. This conclusion is not changed by the declarations from a handful of third-party energy providers who believe that an immediate suspension of the Re-MAT program might be damaging to them. The Court invited the CPUC and plaintiff to jointly propose a carve-out from the order and judgment to accommodate those providers, but the parties were unable to come to terms. Dkt. No. 184. To be clear, the Court made the invitation simply to tie up any loose ends while the CPUC took its next steps, and not on the grounds of possible harm to any entity or concerns about the merits of the order.

Defendants' failure to make the requisite showing of irreparable harm necessitates the denial of their stay request. *Leiva-Perez,* 640 F.3d at 965 (citing *Nken*, 556 U.S. at 432-34). The Court also notes that defendants' merits arguments are only slightly rewarmed versions of the arguments made for the bench trial and summary judgment motion. They are no more persuasive the second time around.

**IT IS SO ORDERED.**

Dated: April 23, 2018

_____
JAMES DONATO
United States District Judge